IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN GARCIA,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:12-CR-572-DB<br><br>Judge Dee Benson |

　　　　This matter is before the court on defendant's motion to suppress. (Dkt. No. 47.) Defendant claims that the affidavit for the wiretap on his cell phone did not meet the necessity requirements of 18 U.S.C. § 2518(1)(c). Having reviewed the relevant materials, the court now issues the following Memorandum Decision and Order.

BACKGROUND

　　　　During the early months of 2012, the Utah County Major Crimes Task Force ("UCMCTF") began investigating what was believed to be a drug trafficking organization in southern Utah County. The UCMCTF employed a variety of investigative techniques in an effort to identify the leaders of the organization. The techniques used included pen registers, confidential sources, controlled buys, undercover activity, physical surveillance, administrative subpoenas, searches pursuant to warrants, arrests of co-conspirators, trash covers, ping warrants, and traffic stops. (Dkt. No. 56 at 2.) Due to the failure of the employed techniques, and the unlikely prospects that other unutilized methods would provide detectives with evidence needed

1

to identify and successfully prosecute all of the conspirators, on June 15, 2012, the UCMCTF and the Utah County Attorney's Office applied for a warrant to intercept the communications of the cell phone of Adrian Garcia, who was suspected to be one of the leaders of the organization. A Utah state court judge approved the wiretap. The court granted expansions of the wiretap on Adrian Garcia, and additional conspirators, which included Fernando Avila, on June 26, July 3, July 11, and July 17, 2012. (Dkt. No. 56 at 3.) Martin Garcia, the defendant in the instant case, was not named on the first four applications, but was the focus of the July 17, 2012 application, which sought approval of a wiretap on his cell phone. The affidavit in support of the July 17 application was based on 2 primary pieces of evidence: 1) 14 text messages deemed pertinent to drug trafficking which had been intercepted between Martin Garcia's cell phone and Fernando Avila's (monitored) cell phone on July 14, 2012, and 2) the fact that ICE records show Martin Garcia crossing the border between Mexico and the United States at least 67 times between July 17, 2011, and July 17, 2012. The July 17 affidavit incorporated by reference all of the facts and circumstances noted in the original June 15 affidavit and the subsequent affidavits for expansion orders from the court. At issue is whether the July 17 affidavit satisfied the necessity requirement, which requires an explanation as to why non-wiretap investigative techniques have not been used, or will not accomplish, the investigative goals, thereby necessitating a wiretap.

DISCUSSION

Pursuant to 18 U.S.C. § 2518(1)(c) each wiretap order must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." This statement is commonly referred to as the necessity requirement. *See United States v. Nunez*, 877 F.2d 1470,

1472 (10th Cir.), *cert denied*, 493 U.S. 981, 110 S.Ct. 513 (1989). "The necessity requirement 'directly and substantially implement[s] the congressional intention to limit the use of intercept procedures to those situations clearly calling for [their] employment...'." *United States v. Mondragon*, 52 F.3d 291, 294 (10th Cir. 1993) (citing *United States v. Donovan*, 429 U.S. 413 at 433-34 (1977)). "[G]eneralities, or statements in the conclusory language of the statute, are insufficient to support a wiretap application. The statements must be factual in nature and they must specifically relate to the individuals targeted by the wiretap." *United States v. Castillo-Garcia,* 117 F.3d 1179, 1188 (10th Cir. 1997).

      The first four affidavits detailed the investigative techniques used against the named suspected members of the drug ring and explained why such techniques were inadequate to obtain necessary information, thereby showing the necessity of the wiretaps. However, the investigative techniques described in the first four applications were employed against the original suspected members of the drug ring in Utah, not against defendant Martin Garcia, who was unknown at the time. The original affidavit did refer to a relative in Arizona (likely defendant Martin Garcia) who was believed to be sourcing drugs from Mexico and supplying them to relatives in Utah. However, the investigative techniques discussed in the July 17 affidavit were only directly applicable to the suspects in Utah. The investigative techniques used against defendant Garcia were limited to a police stop for a traffic violation after the defendant left another suspect's home in Utah, which yielded his cell phone number, and contacting U.S. Immigration and Customs Enforcement ("ICE") to inquire how many times defendant had traveled to Mexico the previous year. The primary paragraph regarding the necessity requirement in the July 17 affidavit states:

> I am aware that an investigation consists of a number of techniques that can be used in conjunction with each other to develop prosecutable evidence against the individuals or criminal organizations being investigated. These techniques include the use of undercover agents, confidential informants, the testimony of witnesses before a grand jury, surveillance, interviews and interrogations, analysis of toll and pen register data and the execution of search warrants. The requested authorization for wire, oral, and electronic interception is necessary because many of these normal investigative techniques have been attempted in this investigation and have not resulted in sufficient evidence to meaningfully prosecute the participants in the criminal enterprise or to disrupt or take down this enterprise. Several techniques to obtain information have been tried with limited success, or failed, or reasonably appear likely to fail if attempted, or are too dangerous to employ.

(Dkt. No. 56-5 at 8.)

The government argues that the July 17 affidavit satisfies the necessity requirement against defendant because it lists the investigative techniques used on the other suspects in Utah and because it incorporates by reference the earlier affidavits. This argument is not persuasive, as none of the referenced comprehensive investigative measures were particularized to defendant Garcia. In *Castillo-Garcia* the Tenth Circuit suppressed evidence against a defendant because the majority of the normal and routine investigative techniques taken were only used against two other suspects, not the defendant. 117 F.3d at 1194. "[F]actors set forth in the First and Second Wiretap applications to establish 'necessity' to wiretap [two named suspects'] telephone numbers do not necessarily establish 'necessity' to wiretap telephone numbers used by the other defendants." *Id.* One of the court's considerations was that "nothing in this language is in any way particularized to [defendant]." *Id.* The same holds true in the instant case. The language in the July 17 affidavit was not particularized to defendant Martin Garcia. Rather, it consisted entirely of factors that related only to the earlier known Utah suspects and of general boiler plate language.

4

If the government had included in the July 17 affidavit any justification why under the circumstances it was necessary to proceed with a wiretap on defendant Martin Garcia's cell phone and that resorting to other investigative techniques would be unlikely to obtain a successful result, the necessity requirement under 18 U.S.C. § 2518(1)(c) would have been satisfied. In hindsight, it appears that this could have been done. But the statute clearly calls for something sufficiently particular to each defendant. The necessity requirement under 18 U.S.C. § 2518(1)(c) requires "a full and complete statement as to whether or not other investigative procedures have been tried and failed *or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous*." (Emphasis added). Investigative techniques are not always requisite to obtaining wiretap authorization. "[A] wiretap would qualify as 'necessary'. . . even where *no* 'normal investigative techniques' had even been tried, if *all* such techniques reasonably appeared either unlikely to succeed if tried, or too dangerous to try." *Castillo-Garcia*, 117 F.3d at 1194. The only particularized statement in the final affidavit regarding defendant Garcia states:

> [I]t is believed that Martin Garcia's phone will contain evidence of these crimes and this enterprise and there is a need for interception of this phone 928-202-XXXX because past and traditional methods of investigation are not (alone) likely to yield evidence to identify all of the players in this drug enterprise, to successfully prosecute the targets of this investigation, and to dismantle and disrupt this organization, and it is highly unlikely that investigative methods outside of the interception of wire communications (alone) will work in the future to accomplish these investigative goals.

(Dkt. No. 55-6 at 10.)

Although this language is particularized to the defendant, the government failed to explain *why* the procedures were unlikely to succeed if tried and *why* they were too dangerous. This general and conclusory language is insufficient to obtain a wiretap application. *See*

5

*Castillo-Garcia,* 117 F.3d at 1188.

## CONCLUSION

The language of 18 U.S.C. § 2518(1)(c) is clear and courts have strictly adhered to the standard. Here, the government used conclusory, mostly boilerplate, language and never specified why other investigative techniques would fail or be too dangerous as to defendant Martin Garcia. The government failed to meet the necessity requirements clearly set forth in 18 U.S.C. § 2518(1)(c). For these reasons, and those stated in the defendant's memoranda, the court finds that defendant's motion to suppress the evidence taken subsequent to the July 17 affidavit (Dkt. No. 56-5) against defendant Martin Garcia's cell phone number 928-202-XXXX must be GRANTED.

IT IS SO ORDERED.

DATED this 1st day of July, 2013.

BY THE COURT:

*/s/ Dee Benson*

HONORABLE DEE BENSON
United States District Court Judge